```
              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                      Norfolk Division
```

UNITED STATES OF AMERICA

v.                                ACTION NO. 2:05mj213

DEWREL L. BURLESON,

        Defendant.

<u>O R D E R</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the case against the defendant is overwhelming. Over 600 drug-related telephone calls were intercepted between the defendant and other defendants in this case. In addition, one controlled sale of ecstasy was videotaped and while that sale was

occurring, a sale of cocaine base was audiotaped. The defendant has confessed to the offense and indicated that he had been dealing in drugs for five years and he is at the top of the guidelines for drug dealing of cocaine.

The defendant's physical and mental condition are fine. He has two children that he is ordered to support.  He is employed as a plumber mechanic at $14/hour but this was not verified since the telephone number is no longer in service. He has minimal debts, except for a car which is valued at $9,000 and on which he owes $8,680.

The defendant has lived in the community for 27 years. His mother lives in the community.

The defendant has only a misdemeanor record of possessing a concealed weapon in 1990 and possessing marijuana in 1998.

The Court FINDS that, because of the defendant's admitted long history of selling drugs, he is a danger to the community and he cannot rebut the presumption that he should be detained.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.   See United

States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

                                        /s/
                                Tommy E. Miller
                        United States Magistrate Judge

Norfolk, Virginia

May 23, 2005